## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FRANK BROWN, | | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| vs. | | ) Case No. 10-CV-2296 JAR/JPO |
| | | ) |
| SCRIPTPRO, LLC, | | ) |
| | | ) |
| | Defendant. | ) |
| | | ) |

## COMPLAINT

The plaintiff, Frank Brown, for his claims against the defendant, ScriptoPro, LLC, states and alleges the following:

## JURISDICTION AND VENUE

1.      This is an employment case based upon and arising under the Family and Medical Leave Act, as amended, 29 U.S.C. § 2611 et seq. ("FMLA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2.      This court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law.

3.      All of the unlawful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      The plaintiff, Frank Brown, was formerly employed as a Customer Service Operations Analyst by the defendant.  The plaintiff is a citizen and resident of Jackson County, Missouri.

1

5.     The defendant, ScriptPro, LLC, develops and produces robotics based pharmacy management. ScriptPro is headquartered and operates an office in Mission, Kansas.

## FACTUAL ALLEGATIONS

6.     In March of 2007, Plaintiff was hired by Defendant, as a Customer Service Operations Analyst.  Plaintiff's duties included monitoring customer service calls for quality assurance.

7.     Plaintiff's direct supervisor was Tammy Becker.

8.     In or about November 2007, Ms. Becker was reassigned to a Coordinator position and Mark Eaker became the Department Manager and Plaintiff's new supervisor.

9.     In or about March 2008, Plaintiff informed Mr. Eaker that Plaintiff's wife was pregnant and that Plaintiff would need to adjust his schedule to care for his wife and baby.

10.    In or about July 2008, Plaintiff was presented with an unsatisfactory employee evaluation prepared by Ms. Becker.

11.    Upon presenting the poor employee evaluation, Mr. Eaker orally informed Plaintiff that he disagreed with Ms. Becker's evaluation.

12.    On October 26, 2008, Plaintiff's wife gave birth.

13.    From October 27, 2008 through November 7, 2008, Plaintiff took time off and then worked from home to assist his wife with the new baby.

14.    On October 27, 2008, Mr. Eaker resigned his employment with Defendant.

2

15. Upon return to work on November 10, 2008, Plaintiff was given no instruction regarding to whom he should report.

16. On November 17, 2008, Plaintiff approached Al Somers, a Supervisor in the Customer Service Department, and indicated that he needed to know who his supervisor was so he could discuss his schedule.

17. On November 19, 2008, Plaintiff contacted Ms. Becker to determine who his supervisor was and indicated the flexible schedule arrangement previously agreed to by Mr. Eaker.

18. Also on November 19, 2008, Plaintiff met with Mr. Somers and was informed that the scheduling arrangement Plaintiff had with Mr. Eaker would no longer be honored.

19. During his meeting with Mr. Somers, Plaintiff inquired about working from home as several female employees had done after the birth of their children.

20. On November 21, 2008, Plaintiff was informed that his employment was being terminated.

21. At no point during his employment with Defendant was Plaintiff informed of his rights under the Family Medical Leave Act.

## COUNT I - INTERFERENCE IN VIOLATION
## OF THE FAMILY AND MEDICAL LEAVE ACT

22. Plaintiff incorporates by reference the above numbered paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff qualifies as an "eligible employee" within the meaning of the FMLA.

3

24.    The birth of Plaintiff's child and Plaintiff's wife's recovery entitled him to leave pursuant to the FMLA.

25.    Plaintiff informed his supervisors of his wife's pregnancy and his need to take some time off to care for her and the baby.

26.    Defendant unlawfully and willfully interfered with the exercise of Plaintiff's rights under the FMLA by not advising him of his rights and subsequently terminating his employment.

27.    As a result of ScriptPro's illegal and willful conduct, Plaintiff has suffered substantial economic losses.

WHEREFORE, Plaintiff prays for judgment against ScriptPro in excess of $100,000.00, consisting of back pay, reinstatement or front pay, prejudgment and post-judgment interest, liquidated damages, attorney fees, litigation expenses and such further relief as the Court deems just and proper.

## COUNT II - RETALIATION IN VIOLATION
## OF THE FAMILY AND MEDICAL LEAVE ACT

28.    Plaintiff incorporates by reference the above numbered paragraphs 1 through 27 as though fully set forth herein.

29.    Plaintiff engaged in protected activity by verbally indicating his need to take leave in order to care for his wife and new child.

30.    ScriptPro retaliated against Plaintiff because he engaged in protected activity by terminating his employment.

31.    As a result of ScriptPro's illegal and willful conduct, Plaintiff has suffered substantial economic losses.

WHEREFORE, Plaintiff prays for judgment against ScriptPro in excess of $100,000.00, consisting of back pay, reinstatement or front pay, prejudgment and post-judgment interest, liquidated damages, attorney fees, litigation expenses and such further relief as the Court deems just and proper.

## COUNT III: DISPARATE TREATMENT IN VIOLATION OF TITLE VII

32.     Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     Due to his gender, Plaintiff was treated differently than similarly situated female employees by defendant ScriptPro.  This disparate treatment included Plaintiff not being allowed to work from home after the birth of a child as female employees had been allowed and subsequently the termination of his employment.

34.     As a result of the discriminatory actions by defendant, Plaintiff has suffered damages in the form of loss of back pay and benefits, future financial loss, mental anguish, emotional distress and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against ScriptPro in excess of $100,000.00, consisting of back pay and loss of benefits, front pay, emotional distress and mental anguish, attorney fees, litigation expenses, prejudgment interest, and such other and further relief as the Court deems just and proper.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:   s/Alan V. Johnson
        Alan V. Johnson, KS #9992
        ajohnson@sloanlawfirm.com


BY:   s/Danielle N. Davey
        Danielle N. Davey, KS #24205
        ddavey@sloanlawfirm.com
        ATTORNEYS FOR PLAINTIFF

6

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims

triable to a jury.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:    s/Alan V. Johnson
           Alan V. Johnson, KS #9992
           Danielle N. Davey, KS #24205
           ajohnson@sloanlawfirm.com
           ddavey@sloanlawfirm.com
           ATTORNEYS FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in

the above-captioned matter.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY: s/Alan V. Johnson
Alan V. Johnson, KS #9992
Danielle N. Davey, KS #24205
ajohnson@sloanlawfirm.com
ddavey@sloanlawfirm.com
ATTORNEYS FOR PLAINTIFF